MAGGIE WALLACE, Appellant, v. J. P. CLARK et al., appellees.

**INJUNCTION:** Liability on Bond—Estoppel—Party Accepting Terms of Decree. Where plaintiff was an execution purchaser against contract holders of land, and in a suit by the owner had been enjoined from asserting any interest in the property, unless she paid, within a time fixed, the amount due from the contract purchasers, which order was never reversed, and was accepted by plaintiff by paying the said amount, she could not thereafter recover on the injunction bond on the ground that she had been wrongfully kept out of possession; for, having accepted the terms of the decree, she was bound thereby.

*Appeal from Woodbury District Court.—J. W. ANDERSON,*
Judge.

OCTOBER 14, 1919.

ACTION to recover upon an injunction bond. There was
a directed verdict and judgment for the defendants, and
plaintiff appeals.—*Affirmed.*

*Milchrist, Scott & Pitkin,* for appellant.

*Jepson & Stecker,* and *Shull, Gill, Sammis & Stilwill,*
for appellees.

WEAVER, J.—Stated in chronological order, the admit-
ted facts are as follows:

On June 18, 1907, Henderson and Miller, being the
owners of a 40-acre tract of land, entered into a written
contract for its sale to R. X. Polley and S. E. Polley for
$2,650, of which sum $1,850 was to be paid in annual in-
stallments, extending over a period of ten years, the re-
mainder of the price being represented by an existing mort-
gage, payment of which was assumed by the purchasers.
In April, 1909, the plaintiff, having recovered a money
judgment in the district court against the Polleys, caused
execution to issue thereon, and be levied on their interest
in the land. On May 17, 1909, the interest of the Polleys
in the property was sold by the sheriff, under his levy of
said execution. The plaintiff bid in the property, to satisfy
her judgments, and received the usual certificate therefor.
On June 25, 1909, Henderson and Miller sold and conveyed
their legal title to the land to the defendant J. P. Clark.
On April 14, 1910, and before the year of redemption of
said property from the sheriff's sale had expired, Clark
brought a suit in equity in the district court, naming, as
defendants therein the Polleys, Maggie Wallace, the sher-
iff, and others. The petition in said suit set up Clark's title
under his deed, alleged the failure of the Polleys and other

defendants to pay or tender payment of the past due installments upon the purchase of the land, and the fact that, by the terms of the contract, the rights of said parties under the contract had been forfeited, and, although plaintiff had served them with 30 days' notice of such forfeiture, the time had expired, without payment or tender of payment. On the showing thus made, the petition asked that an injunction issue, restraining the Polleys from taking possession of the land; that the sheriff be restrained from executing a deed pursuant to the execution sale to Mrs. Wallace, and that Mrs. Wallace be also restrained from taking or receiving such deed; that the plaintiff Clark's title, under his deed from Henderson and Miller, be established and quieted, and for general equitable relief.

The court having fixed an amount for an injunction bond, the same was filed, and a temporary writ was issued, as prayed. To said proceeding, Maggie Wallace, James Wallace, the sheriff, and certain other defendants appeared, and denied Clark's alleged right to the relief prayed. The cause came on for trial November 14, 1910, and the court, after hearing the evidence, found and decreed that Clark's title be confirmed and quieted, as against the Polleys and certain other defendants; that the Polleys' right to receive the title to the land, upon payment of the contract price, had not been lost or forfeited by their failure to make payment; but that such right had passed from them to Mrs. Wallace by the execution sale from which they had failed to make redemption, and that she, by such purchase, had become vested with the right to a conveyance of the legal title held by Clark, upon payment to him of the unpaid remainder of the purchase price named in the contract between Henderson and Miller and the Polleys. The amount so unpaid was found to aggregate $1,163.45, and Mrs. Wallace was given 30 days in which to make such payment; and it was ordered that, if such payment were made,

the temporary injunction, which had been issued in Clark's favor, should be dissolved. It was further ordered and decreed that, in the event of Mrs. Wallace's failure to make said payment within the time allowed to her, then the title should be quieted in Clark, and Mrs. Wallace should thereupon be forever barred and estopped from having or claiming any interest in the property, and the injunction forbidding the making and delivering of a sheriff's deed should become perpetual. The costs were taxed, one third each to Clark, Polley, and Wallace.

Mrs. Wallace made the required payment in due time, and thereupon, the injunction became ineffective.

Nearly five years later, Mrs. Wallace brought this action at law upon the injunction bond given by Clark in the litigation above mentioned, alleging that the writ was wrongfully sued out, and that, by reason thereof, the sheriff's deed, which was due, and which would otherwise have been delivered to her on May 17, 1910, was withheld, and she was prevented from going into possession of the property until after the rendition of the decree above mentioned. She further alleges that the reasonable value of the use of the land for the period during which she was deprived of its possession was $250, and for this she asks judgment.

The defendants deny the claim for damages thus stated, or that plaintiff was ever entitled to the possession until she fulfilled the conditions of the original decree and paid the money, which payment the decree made a condition precedent to her right to receive the title or to go into possession.

On the trial of the issue thus joined, the only evidence offered by the plaintiff consisted of the court records and files in said former suit, and the testimony of two witnesses to the value of the possession of the land from May to November, 1910. At the close of the plaintiff's evidence in chief, the defendants' motion for a directed verdict in

their favor was sustained. Verdict was returned accordingly, and judgment entered for the defendants for costs.

There was no error in the order directing a verdict. Whether the decree entered in November, 1910, was or was not framed upon the correct theory of the rights of the parties to that action is a question not open to consideration in this case. That decree has never been reversed or modified, and, indeed, seems to have been entered, in part at least, by consent. The net effect of it was that, while the present plaintiff was given the right to acquire such title as would pass by the sheriff's sale, and to acquire the legal title held by Clark, and with it the right to possession of the property, such right was, nevertheless, conditioned upon her first paying the remainder of the contract price, an act she was required to perform within 30 days; and, upon her failure or election not to perform such condition, the injunction against her was to be made perpetual. Stated otherwise, she was given the option to vacate the injunction by making the designated payment, or to refuse the payment and permit the injunction to become perpetual. This decree having been entered by her consent, and the injunction having been thereby recognized and given effective operation and force, we think she cannot be heard to say that the writ was issued wrongfully.

Indeed, if entered without her consent, or over her express objection, she has accepted its terms, and must be bound thereby. She has sustained no recoverable damages.

It follows that the judgment appealed from must be—
*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.